# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2622
_____

Anthony Collins

*Plaintiff - Appellant*

v.

Abbott Laboratories, Inc., formerly known as St. Jude Medical, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Minnesota

_____

Submitted: June 17, 2020
Filed: August 25, 2020

_____

Before GRUENDER, WOLLMAN, and KOBES, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Anthony Collins brought a failure-to-accommodate claim under the Minnesota Human Rights Act (MHRA), Minn. Stat. § 363A.08, subd. 6, against his former employer, Abbott Laboratories, Inc. (Abbott). He appeals from the district court's[1] grant of summary judgment to Abbott. We affirm.

_____

[1]The Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota.

Collins worked as a Material & Inventory Specialist II (M&I Specialist) at Abbott's facility in Minnetonka, MN. M&I Specialists are responsible for maintaining, processing, and shipping medical-device components. The position requires a good deal of physical activity. According to the job description, M&I Specialists are expected to stand or walk continuously, push or pull eleven to fifty pounds frequently, and lift or carry up to twenty pounds frequently.

During a typical shift, M&I Specialists spend most of their time using manual pallet jacks and electric forklifts to move pallets and materials within and between Abbott's warehouses. Manual pallet jacks lift pallets several inches off the ground and are moved manually by being pushed or pulled. Electric forklifts lift pallets onto higher shelves and are battery-operated. M&I Specialists also spend some time handling, counting, and "kitting" small items in the "clean room."

While pulling a manual pallet jack on August 19, 2016, Collins experienced a tingle running down his right leg. He immediately stopped using the jack and reported the injury to his team leader. He saw a doctor the next day, who signed a note stating that Collins was not to lift, push, or pull more than twenty-five pounds. In response, Abbott temporarily assigned Collins to work in the clean room. On September 6, 2016, Collins's doctor provided Abbott with amended work restrictions that precluded Collins from lifting more than fifteen pounds and from standing for more than one hour. These restrictions were predicted to continue until December 28, 2016. After meeting with Collins in early October 2016, Abbott determined that no accommodations were feasible and placed him on temporary unpaid leave until December 28, the anticipated date of his return to regular duties. Thereafter, Abbott extended Collins's leave until July 30, 2017, in response to updated work restrictions submitted by his doctor. Collins provided an updated Fitness for Duty Certification to Abbott in August 2017, which recommended that he remain on leave until January 31, 2018, and stated that he was not to use manual pallet jacks. Unlike other certifications, this one provided no end date on which Collins's work restrictions

should be reevaluated. Based on this certification, Abbott determined that it was unclear if Collins would ever again be able to use a manual pallet jack. In light of its determination that manual pallet jack usage was an essential function of the M&I Specialist position, Abbott terminated Collins's employment on August 23, 2017.

Collins argues that Abbott violated the MHRA because it failed to offer him a reasonable accommodation for his disability. We review a grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. See Hustvet v. Allina Health Sys., 910 F.3d 399, 406 (8th Cir. 2018). "[I]f a party makes a reasonable accommodation claim, then we apply a modified burden-shifting analysis." Brunckhorst v. City of Oak Park Heights, 914 F.3d 1177, 1182 (8th Cir. 2019) (alteration in original) (quoting Fenney v. Dakota, Minn. & E.R.R. Co., 327 F.3d 707, 712 (8th Cir. 2003)). Collins must first "make a facial showing that reasonable accommodation is possible." Fjellestad v. Pizza Hut of Am., Inc., 188 F.3d 944, 950, 954 (8th Cir. 1999) ("The employee . . . carries the burden of showing that a particular accommodation rejected by the employer would have made the employee qualified to perform the essential functions of the job."). The burden then shifts to Abbott to show that it is unable to accommodate Collins. See id. at 950.

We conclude that Collins has not made "a facial showing that reasonable accommodation is possible and that the accommodation will allow [him] to perform the essential functions of the job." See Burchett v. Target Corp., 340 F.3d 510, 517 (8th Cir. 2003). Collins requested that he be permitted to use electric forklifts in place of manual pallet jacks, but he has not presented evidence that this accommodation would allow him to perform the essential functions of an M&I Specialist. Abbott's warehouse manager testified that electric forklifts may be used only in certain areas because they are "too dangerous to other employees." He explained that electric forklifts "can get going at good speeds and . . . [are] a lot harder to stop" than a manual pallet jack. Moreover, because of their size, electric

forklifts are not able to move within the tight spaces that exist in Abbott's warehouses.

Collins's medical restrictions undisputedly preclude his use of manual pallet jacks, and he has not rebutted the testimony that such use is required to perform the essential functions of the job. Although Collins has presented evidence that an electric forklift might be available to him by opposing Abbott's evidence regarding battery usage and warehouse availability, he has not rebutted Abbott's evidence that such use would be impossible in certain areas of the warehouse and would pose a safety risk to other employees. See Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) ("The nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts, and must come forward with specific facts showing that there is a genuine issue for trial." (internal quotation marks and citation omitted)). The district court thus did not err in granting summary judgment in favor of Abbott. See Gardea v. JBS USA, LLC, 915 F.3d 537, 542 (8th Cir. 2019) (holding that lift-assisting devices were not a reasonable accommodation because they were not available throughout the facility and because tight spaces made use of the devices impractical); Kallail v. Alliant Energy Corp. Servs., Inc., 691 F.3d 925, 932 (8th Cir. 2012) (concluding that summary judgment for the employer was proper when the employee sought an accommodation that "would not have allowed [the employee] to perform the essential functions of her current position"); Brunckhorst, 914 F.3d at 1183 (concluding that summary judgment was proper when employee could not make a showing that his requested accommodation would allow him to perform the essential functions of his job); see also Fenney, 327 F.3d at 711 n.5 (noting that MHRA and ADA claims may be evaluated under the same standard).

The judgment is affirmed.

_____